UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAY CHRIS OLSON,<br><br>        Plaintiff,<br><br>    v.<br><br>IDAHO DEPARTMENT OF CORRECTION SECURITY STAFF,<br><br>        Defendant. | Case No. 1:20-cv-00396-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |
| JAY CHRIS OLSON,<br><br>        Plaintiff,<br><br>    v.<br><br>IDAHO DEPARTMENT OF CORRECTION and CORIZON MEDICAL STAFF,<br><br>        Defendants. | Case No. 1:21-cv-00066-BLW |

Plaintiff Jay Chris Olson is a prisoner proceeding pro se in these two civil rights cases. Plaintiff's initial pleading, filed in Case No. 1:20-cv-00396-BLW, asserted (1) claims of inadequate medical treatment and (2) claims of excessive force by correctional officers. The Court previously severed the excessive force claims into a new lawsuit. *See* Dkt. 7 in Case No. 1:20-cv-00396-BLW; Dkt. 2 in Case No. 1:21-cv-00066-BLW. The Court informed Plaintiff that it intended to address Plaintiff's medical

treatment claims only in Case No. 1:20-cv-00396-BLW, and to address Plaintiff's excessive force claims only in Case No. 1:21-cv-00066-BLW. *Id.*

In both cases, the Court reviewed Plaintiff's claims pursuant to 28 U.S.C. § 1915A, determined that the Complaint failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See* Dkt. 8 in Case No. 1:20-cv-00396-BLW; Dkt. 3 in Case No. 1:21-cv-00066-BLW.

Plaintiff has now filed a separate Amended Complaint in each action. Although the Court instructed Plaintiff that medical treatment claims should be pursued in Case No. 1:20-cv-00396-BLW, and excessive force claims pursued in Case No. 1:21-cv-00066-BLW, Plaintiff appears to have mixed up the cases. That is, the Amended Complaint filed in Case No. 1:20-cv-00396-BLW asserts excessive force claims, while the Amended Complaint filed in Case No. 1:21-cv-00066-BLW asserts medical treatment claims. *See* Dkt. 10 in Case No. 1:20-cv-00396-BLW; Dkt. 5 in Case No. 1:21-cv-00066-BLW.

Therefore, the Court will consider both Amended Complaints together as the operative pleading in both actions. The Court will also consider the allegations contained in Plaintiff's "Motion to Augment New Evidence" (Dkt. 11 in Case No. 1:20-cv-00396-BLW), even though Plaintiff did not seek leave to file a supplemental pleading as required by Rule 15(d) of the Federal Rules of Civil Procedure. The Court reviews both Amended Complaints in this joint order.

The Court retains its screening authority pursuant to 28 U.S.C. § 1915A(b). Having reviewed the Amended Complaints, the Court concludes that Plaintiff has failed to remedy the deficiencies in his initial Complaint in both cases. Therefore, the Court will

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2

dismiss these cases, under 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted.

1.  **Standards of Law for Review of Amended Complaints**

As explained in the Initial Review Orders in both cases, the Court must dismiss a prisoner complaint, or any portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

2.  **Discussion**

Plaintiff brings his claims under 42 U.S.C. § 1983, the federal civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3

of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

In reviewing Plaintiff's initial Complaint, in both cases, the Court explained that states and state entities are immune from suit under the Eleventh Amendment and are not "persons" that can be sued under § 1983. *See* Dkt. 8 in Case No. 1:20-cv-00396-BLW, at 14–15; Dkt. 3 in Case No. 1:21-cv-00066-BLW, at 9. The Court also informed Plaintiff that any individuals mentioned in the body of the complaint, but not included in the caption, would *not* be considered parties and that, if Plaintiff "intended to name additional Defendants," he would be required to "clearly identify" all such Defendants in the caption of the Amended Complaints. *See* Dkt. 8 in Case No. 1:20-cv-00396-BLW, at 1 n.1; Dkt. 3 in Case No. 1:21-cv-00066-BLW, at 1 n.1.

Yet the Amended Complaints in both cases continue to name state entities. In Case No. 1:20-cv-00396-BLW (Dkt. 10 at 1), Plaintiff names the "Idaho Department of Correction Security Staff" as the sole Defendant. Plaintiff does not name any individual Defendant in the caption of the Amended Complaint. Therefore, Plaintiff has not stated a plausible claim against any individual correctional officer in Case No. 1:20-cv-00396-BLW. Nor has Plaintiff stated a plausible claim against IDOC's "Security Staff" as an

*entity*, for the same reasons discussed in the Initial Review Order: that is, the IDOC is immune from suit in federal court and is not a "person" subject to suit under § 1983.

The Amended Complaint in Case No. 1:21-cv-00066-BLW (Dkt. 5 at 1) names two Defendants: the IDOC and "Corizon Medical Staff." Once again, the IDOC is immune from suit and is not a "person" under § 1983. Further, "Corizon Medical Staff" is not an individual, and Plaintiff has not sued any individual medical provider. Therefore, the Court must presume that Plaintiff's identification of "Corizon Medical Staff" as a Defendant means that Plaintiff intended to sue Corizon itself as a private entity performing a state function. Indeed, the Court previously indicated that it considered the identification "Medical Corizon Security Staff" to refer to Corizon as an entity. *See* Dkt. 8 in Case No. 1:20-cv-00396-BLW, at 1 n.1.

Corizon is the private company providing Idaho inmates with medical treatment under contract with the IDOC. Therefore, as the Court previously explained, Plaintiff must plausibly allege that a deliberately indifferent policy or custom of Corizon—rather than the individual decisions of different medical personnel—caused the constitutional deprivations of which Plaintiff complains. *See* Dkt. 8 in Case No. 1:20-cv-00396-BLW, at 15 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012); *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001)).

Plaintiff's assertions regarding his medical treatment focus on the particular actions (or inaction) of his individual treatment providers. *See* Dkt. 5 in Case No. 1:21-cv-00066-BLW, at 1–2 (discussing treatment provided by non-defendants McMillian,

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5

Worley, Westburn, and Eldridge); Dkt. 10 in Case No. 1:20-cv-00396-BLW (discussing treatment provided by non-defendant Roger). Plaintiff alleges no pattern or practice of inadequate medical care such that a reasonable factfinder could infer a policy or custom on the part of Corizon.

Therefore, the Amended Complaints do not plausibly allege that Corizon violated Plaintiff's civil rights. Rather than Corizon having an unconstitutional policy or custom to which medical personnel adhered, the "obvious alternative explanation" is that Plaintiff's individual providers exercised their independent professional judgment as to appropriate treatment. *Iqbal*, 556 U.S. at 682 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007). Plaintiff's allegations that his medical care was delayed and that certain providers did not review his records simply do not support a reasonable inference that Corizon has (or had) a policy or custom amounting to deliberate indifference.

For the foregoing reasons, the Amended Complaints are subject to dismissal for failure to state a claim upon which relief may be granted.

3.  **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief despite the Court's explanations and instructions, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013)

("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motions to Review the Amended Complaint (Dkt. 10 in Case No. 1:20-cv-00396-BLW; Dkt. 5 in Case No. 1:21-cv-00066-BLW), as well as Plaintiff's Motion to Augment New Evidence (Dkt. 11 in Case No. 1:20-cv-00396-BLW) are GRANTED IN PART, to the extent that, in its § 1915A review, the Court has considered the allegations in both Amended Complaints and in the Motion to Augment Evidence.

2. The Amended Complaints fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Therefore, for the reasons stated in this Order and the Initial Review Orders, these cases are DISMISSED with prejudice.

3. The Clerk of Court is directed to docket this Successive Review Order in both actions: Case Nos. 1:20-cv-00396-BLW and 1:21-cv-00066-BLW.

DATED: June 7, 2021

_____
B. Lynn Winmill
U.S. District Court Judge